No. 74,366

In the Matter of JAMES RICHARD CALLAHAN, *Respondent.*

(907 P.2d 840)

Opinion filed December 8, 1995.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Mark F. Anderson,* disciplinary administrator, and *Marty M. Snyder,* deputy disciplinary administrator, were on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam:* Respondent James Richard Callahan has been licensed to practice law in the states of Kansas and Texas. In 1989, he was suspended from the practice of law in Kansas for nonpayment of registration fees pursuant to Supreme Court Rule 208 (1994 Kan. Ct. R. Annot. 203).

On August 26, 1993, a finding was made by the Grievance Committee for State Bar District No. 06A of the State Bar of Texas that respondent had violated numerous Texas Disciplinary Rules of Professional Conduct.

The findings of fact and conclusions of law were consented to by respondent and covered four complaints that he failed to communicate properly with his clients, neglected his client's cases, failed to cooperate in the investigation of a disciplinary complaint, and converted a client's funds.

The State Bar of Texas ordered that respondent be suspended from the practice of law in the state of Texas for a period of 6 months with the imposition of discipline suspended and respondent being placed on probation for a 5-year period from August 1, 1993, to July 31, 1998.

Respondent failed to comply with the conditions of his probation which was revoked on April 21, 1994, and his original suspension order was reinstated.

The Kansas Disciplinary Administrator's office learned of respondent's Texas discipline and instituted a formal complaint and notice of hearing on April 5, 1995.

Respondent did not regularly acknowledge service by mail and telephone calls but, pursuant to Supreme Court Rule 215 (1994 Kan. Ct. R. Annot. 213), respondent was properly served with the formal complaint, notice of hearing, and proposed witness and exhibit lists. See *In the Matter of Kershner*, 250 Kan. 383, 387, 827 P.2d 1189 (1992).

On May 16, 1995, a hearing panel of the Kansas Board for Discipline of Attorneys, acting in accordance with Supreme Court Rule 202 (1994 Kan. Ct. R. Annot. 187), adopted the findings and conclusions of the Texas Disciplinary Committee and found by clear and convincing evidence that respondent had violated MRPC 1.1 (1994 Kan. Ct. R. Annot. 292) (competence); 1.3 (1994 Kan. Ct. R. Annot. 297) (diligence); 1.4 (1994 Kan. Ct. R. Annot. 302) (communication); 1.15 (1994 Kan. Ct. R. Annot. 332) (safekeeping of client's property); 8.4(c) (1994 Kan. Ct. R. Annot. 379) (dishonesty, fraud, deceit or misrepresentation); and 8.4(g) (1994 Kan. Ct. R. Annot. 379) (lawyer's fitness to practice). The hearing panel recommended that respondent should be indefinitely suspended from the practice of law.

Respondent, although properly notified, did not appear before the hearing panel or take exceptions to the hearing panel's report.

The hearing panel's report was considered by the Kansas Supreme Court on October 27, 1995. Respondent, although properly notified, did not appear.

The court, being fully advised, finds that the charges and findings of the State of Texas constitute violations of the Model Rules of Professional Conduct and that respondent should be indefinitely suspended from the practice of law in the state of Kansas.

IT IS THEREFORE ORDERED that James Richard Callahan be suspended indefinitely from the practice of law in the state of Kansas.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports, that the costs herein be assessed to respondent, and that respondent shall comply with Supreme Court Rule 218 (1994 Kan. Ct. R. Annot. 217).